**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARK J. SMITH**                                                     **PETITIONER**

**VS.**                  **CASE NO. 5:10CV00206 BSM/HDY**

**RAY HOBBS, Director of the
Arkansas Department of Correction**                      **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Mark J. Smith seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Smith is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Smith entered a guilty plea on May 22, 2008, to the charge of failure to register as a sex offender. Having entered a guilty plea, the petitioner was not entitled to a direct appeal of the conviction. On February 2, 2010, Mr. Smith filed a petition for habeas corpus relief in state court. The state trial court denied relief in an Order filed on March 9, 2010. Mr. Smith filed this federal habeas corpus petition on July 16, 2010.

Mr. Smith advances the following claims for habeas corpus relief:

1. The Arkansas failure-to-register statute does not apply to him and his guilty plea, therefore, violated his right to due process;

2. The trial court lacked personal jurisdiction over him and his guilty plea, therefore, violated the Fifth, Sixth, and Fourteenth Amendments; and

3. The Arkansas failure-to-register statute does not apply to him and his guilty plea is invalid.

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on May 22, 2008, when Mr. Smith entered his guilty plea. Respondent urges that the limitations period expired on May 22, 2009, and that no time should be excluded from the calculations due to either statutory or equitable tolling. The respondent argues that Mr. Smith's petition was more than one year late. The respondent urges that the petitioner's failure to act sooner is fatal to the petition. The Court notified Mr. Smith that he could explain why the petition is not time-barred, and he has filed an explanatory pleading, as well as a "Traverse" (Docket entry no. 7) to the respondent's assertions.

In both his Traverse and in his response to the Court's earlier Order (Docket entry no. 10), Mr. Smith urges that his "actual innocence will always override a procedural bar to prevent a miscarriage of justice." Docket entry no. 10, page 1. The petitioner repeatedly refers to procedural bar in these pleadings, although the respondent argues that the case should be dismissed due to the failure of the petitioner to file a timely petition. The Court will liberally construe the petitioner's argument to be that his actual innocence excuses the failure to file a timely habeas corpus petition.

There is no dispute on the pertinent dates. Mr. Smith entered his guilty plea on May 22, 2008. No state or federal petition was filed thereafter until February 2, 2010, when the petitioner sought state habeas corpus relief. The federal one year limitations period expired on May 22, 2009,

3

before the filing of the state habeas corpus petition and more than one year before the filing of Mr. Smith's federal habeas corpus action.

The federal habeas corpus statute provides for a tolling of the limitation period for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(2). This tolling language is of no assistance to Mr. Smith, however, since no state petition of any sort was filed until *after* the one year limitation period had passed.

The sole remaining question is whether the limitation period should be tolled for equitable reasons. The essence of petitioner's claim is that his actual innocence tolls the running of the limitation period. The Eighth Circuit Court of Appeals addressed such an argument in *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002):

> The statute of limitations contained in AEDPA provides that: "[a] l-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). We have recognized that this statute is subject to the doctrine of equitable tolling. See *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir.2001). Equitable tolling may provide an individual relief from a statute of limitations in certain "extraordinary circumstances." *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) (quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000)). These circumstances usually include only those that are "external to the petitioner." *Jihad,* 267 F.3d at 806. For example, the one-year statute of limitations may be tolled in situations when a defendant's conduct has "lulled the plaintiff into inaction," or when circumstances over which a prisoner has no control make it impossible to file a timely petition. *Kreutzer,* 231 F.3d at 463. In the past, we have declined to address the question of whether a petitioner's "actual innocence" is a circumstance sufficient to toll the statute of limitations. See *United States v. Lurie,* [footnote omitted] 207 F.3d 1075, 1077 n. 4 (8th Cir.2000). Today, we hold that it is not, at least in the circumstances of this case.
>
> Petitioner points out that "actual innocence" does, in some cases, excuse or obviate certain procedural obstacles to the consideration of petitions for habeas corpus on their merits. There is, for example, a judge-made doctrine under which certain procedurally defaulted claims are not open for consideration on their merits in a habeas proceeding unless the petitioner can show cause for his failure to raise these claims properly in state-court proceedings, and prejudice resulting from their not having been raised. To this doctrine the Supreme Court has added

actual innocence as an exception. That is, a petitioner who can show actual innocence can get his constitutional claims considered on their merits even if he cannot show cause and prejudice. See generally *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In such cases, the concept of actual innocence is used as a "gateway," that is, actual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred. In similar fashion, actual innocence has also been available to allow consideration of the merits of successive claims. See *Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

These doctrines, allowing the use of actual innocence for certain procedural purposes, are now partially codified in AEDPA. 28 U.S.C. § 2244(b)(2)(B)(ii). Petitioner argues that these doctrines, which excuse some types of procedural defaults, should likewise excuse his failure to file his petition within the period fixed by Act of Congress, a failure which he characterizes as a similar "procedural default." We cannot agree with this assertion, at least as a broad concept. We are dealing here with a statute. It is our duty to apply statutes as written. The statute fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine. *Compare* 28 U.S.C. § 2244(d)(1), *with* 28 U.S.C. § 2244(b)(2)(B)(ii). It is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face.

It is true that, in some cases, equitable tolling has been applied to limitations periods despite the fact that statutes creating them do not expressly refer to the equitable-tolling doctrine. Normally, though, as we have said, equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay. None of that can be said in this case. Petitioner does not claim that anything respondents have done made it impossible or difficult for him to uncover the facts that he now claims establish actual innocence. Indeed, he does not refer us to any circumstances, attributable to the defendants or to any other cause, that prevented him, in the exercise of reasonable diligence, from discovering these facts soon enough to enable him to bring a timely habeas petition. In sum, petitioner does not claim that wrongdoing on the part of the State of Iowa prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations. To allow an assertion of actual innocence to excuse the running of the statute in such circumstances would take the equitable-tolling doctrine far from its original and legitimate rationale.

We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves,* 299 F.3d 974, 976 -978 (8th Cir. 2002).

Here, Mr. Smith does not establish that the respondent acted or failed to act and prevented him from discovering the relevant facts in a timely fashion[1]. Nor does he show that a reasonably diligent petitioner could not have discovered the facts in time to file a timely petition. A petitioner who went to trial often asserts that facts were not adduced at trial and exonerating evidence was concealed from him. Here, Mr. Smith's assertion of actual innocence is more difficult to establish, given his entry of a guilty plea. In summary, his assertion of actual innocence does not equitably toll the limitations period. It follows that the limitation period passed long before Mr. Smith filed his federal habeas petition. We recommend the petition be dismissed as time-barred, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __22__ day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In his Traverse (docket entry no. 7), Mr. Smith alleges he was kidnaped from his home in Missouri and brought to Arkansas to face charges of which he is actually innocent. The allegation of kidnaping by the authorities does not address the issue of why the petitioner failed to file a timely federal petition, nor does it show that Mr. Smith was hindered in any attempt to file a timely challenge to his conviction.