UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MARK J. SMITH**                                                                                       **PETITIONER**

v.                        **CASE NO. 5:10cv00206 BSM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                                       **RESPONDENT**

## ORDER

The proposed findings and recommendations from Magistrate Judge H. David Young have been submitted. After careful review of those findings and recommendations, the timely objections received thereto, and a *de novo* review of the record, it is concluded that the findings and recommendations should be, and hereby are, approved and adopted in their entirety in all respects. Judgment will be entered accordingly.

Petitioner Mark J. Smith ("Smith") claims habeas relief maintaining his actual innocence. Although he pled guilty to the charge of failure to register as a sex offender, a violation of Arkansas Code Annotated § 12-12-904, he now maintains the statute does not apply to him. As Magistrate Judge Young concludes in his proposed findings and recommendations, Smith's habeas petition is time-barred. It was filed more than a year after the conviction. In his objections, Smith argues that the statue of limitations should be equitably tolled. He bases this argument on the assertion that appointed counsel "lulled him into inaction" by not informing him that the statute actually did not apply to him. He maintains that it was only after he was paroled that he obtained a copy of the statute and determined that he was actually innocent. This statement is somewhat confusing, however,

because it appears that Smith has been in prison since he pled guilty. Even so, his argument fails. Simply because an individual is in prison does not mean he has no access to legal material. Within the year allowed by the Antiterrorism and Effective Death Penalty Act to file a habeas petition, Smith could have located the statute under which he pled guilty and made the same arguments he makes today. His petition is indeed time-barred.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, it must be determined whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). There is no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

IT IS SO ORDERED this 27th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE